**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| NORMA REBOREDO, | ) CIVIL ACTION NO.: 2:21-cv-570-RMG |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT** |
|  | ) **(Jury Trial Demanded)** |
| JB MARS, LLC AND LARRY JACKSON, | ) |
| Defendants. | ) |

COMES NOW THE PLAINTIFF, Norma Reboredo, by and through her undersigned counsel, complaining of the Defendants herein, and respectfully alleges and shows unto this Honorable Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Norma Reboredo (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia.

2. Upon information and belief, Defendant Larry Jackson (hereinafter "Defendant Driver") is a citizen and resident of the State of North Carolina.

3. Upon information and belief, Defendant JB Mars, LLC (hereinafter "Defendant Company") is a limited liability company organized and existing under the laws of the State of North Carolina.

4. At all times herein, Defendant Company was the owner of the tractor and trailer involved in this incident.

5. Upon information and belief, at all times relevant to this action, Defendant Driver was acting as an employee, servant, and/or agent of Defendant Company, and acting within the course and scope of his employment.

6. Defendant Company is liable for the acts and/or omissions of its agents, servants, and/or employees within the scope of their agency and/or employment with Defendant Company, under the doctrine of respondeat superior.

7. Defendant Company and Defendant Driver (collectively, "Defendants") are jointly and severally liable for the acts and/or omissions committed and alleged in this Complaint.

8. Upon information and belief, Defendant Company operated a business where JB Mars, LLC would be hired to use its tractor and trailer to transport goods interstate and had a duty to ensure that the goods were delivered in a reasonable and safe manner.

9. This matter arises out of a motor vehicle accident that occurred on May 13, 2018, on Interstate 95 in Dorchester County in the State of South Carolina.

10. This Honorable Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

11. The venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**FACTS**

12. On May 13, 2018, at approximately 12:05 AM, on a clear night, Plaintiff was stopped in traffic when traveling north on Interstate 95 in Dorchester County, South Carolina.

13. On or about the aforementioned date, time and place, Defendant Driver was driving a JB Mars, LLC tractor and trailer, traveling the same direction as Plaintiff.

14. Defendant Driver failed to observe traffic conditions and was driving too fast for the conditions as he approached stopped traffic on the northbound lanes of Interstate 95, colliding with Plaintiff's vehicle.

15. By reason and in consequence of Defendants' aforesaid acts and/or omissions, Plaintiff sustained past, present, and future damages, including but not limited to:

    a. Expenses for medical services;

    b. Permanent physical injury and impairment;

    c. Diminished enjoyment of life;

    d. Alteration of lifestyle;

    e. Physical pain;

    f. Mental anguish;

    g. Loss of income and earning capacity; and

    h. Such other particulars as may be found through discovery or trial.

## FOR A FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/Recklessness)

16. Plaintiff incorporates all allegations of the preceding paragraphs into this cause of action.

17. Plaintiff is informed and believes that Defendant Driver was negligent, careless, negligent per se, reckless, and/or grossly negligent in at least one of the following ways:

    a. Choosing not to keep a proper lookout;

    b. Choosing not to keep the vehicle under proper control;

    c. Choosing not to observe the road and traffic conditions;

    d. Choosing to drive distracted;

    e. Choosing to operate the vehicle at an unsafe speed;

    f. Choosing to operate his vehicle aggressively;

    g. Choosing to operate his vehicle too fast for conditions;

    h. Choosing not to use the degree of care and caution that a reasonably prudent person would use under the same circumstances;

    i. Disregarding the rights and safety of other drivers, including Plaintiff.

18. Defendant Company operated as a commercial motor carrier.

19.     In return for the privilege to operate commercial motor vehicles on the public roadways, prospective motor carriers must complete certain safety related certifications and verifications.

20.     Before gaining the privilege to operate as a commercial motor carrier on the public highways, prospective motor carriers such as Defendant Company are required to submit a MCS-150 to the Federal Motor Carrier Administration and obtain a U.S. DOT number.

21.     Before gaining the privilege to operate as a commercial motor carrier on the public highways, prospective motor carriers such as Defendant Company are required to submit a Form OP-1 to the Federal Motor Carrier Administration.

22.     As part of the process of gaining the privilege to operate as a motor carrier on the public highways, prospective motor carriers such as Defendant Company are required to complete a "Safety Certification" on the Form OP-1, certifying to the Federal Motor Carrier Safety Administration that they are subject to the pertinent portions of the U.S. DOT's Federal Motor Carrier Safety Regulations ("FMCSR") at 49 CFR, Chapter 3, Subchapter B (Parts 350–99).

23.     As part of the process of gaining the privilege to operate as a motor carrier on the public highways, prospective motor carriers such as Defendant Company are required to complete the "Safety Certification" of the Form OP-1, certifying to the Federal Motor Carrier Safety Administration that they have access to and are familiar with all applicable U.S. DOT regulations relating to the safe operation of commercial vehicles and that they will comply with the regulations.

24.     As part of the process of gaining the privilege to operate as a motor carrier on the public highways, prospective motor carriers such as Defendant Company are required to complete the "Safety Certification" of the Form OP-1, certifying to the Federal Motor Carrier Safety Administration that, at a minimum, they:

> a. Have in place a system and an individual responsible for ensuring overall compliance with the FMCSR;

    b. Can produce a copy of the FMCSR;

    c. Have in place a driver safety training/orientation program;

    d. Are familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR Part 391); and

    e. Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles.

25. To be qualified to operate a commercial motor vehicle, a driver must have experience and/or training to safely operate the type of vehicle; be physically qualified; have a currently valid CDL; and furnish the motor carrier a list of current driving violations.

26. To be hired as a commercial motor vehicle driver, the driver is required to complete a written application containing the following information:

    a. The nature and extent of the driver's experience;

    b. A list of all accidents in the previous 3 years;

    c. A list of all violations of motor vehicle laws in the previous 3 years;

    d. A detailed description of any denial, revocation, or suspension of any driver's licenses or permits;

    e. Employment information for the previous 3 years; and

    f. The names of all employers for whom the driver has operated a commercial motor vehicle for the previous 7 years.

27. Before a motor carrier such as Defendant Company may allow or permit a driver to operate a commercial motor vehicle, the motor carrier must:

    a. Obtain the driver's motor vehicle record from the applicable state agency for the previous 3 years; and

    b. Investigate the driver's safety performance history with all DOT regulated employers for the previous 3 years.

28. Once a motor carrier such as Defendant Company hires a commercial driver, every twelve months thereafter, the driver must submit a written list of all traffic violations the driver received in those twelve months.

29. Once a motor carrier such as Defendant Company hires a commercial driver, every twelve months thereafter, the motor carrier must obtain from the relevant state agency a list of traffic violations for the previous year and maintain a copy of the record in the driver's qualification file.

30. Plaintiff is informed and believes that Defendant Company was negligent, careless, negligent per se, reckless, and/or grossly negligent in at least one of the following ways:

   a. Choosing to hire inadequately trained and unsafe personnel;

   b. Choosing not to adequately train personnel;

   c. Choosing not to adequately manage personnel;

   d. Choosing not to adequately supervise personnel;

   e. Choosing to retain unqualified, unsafe personnel;

   f. Choosing not to develop adequate safety policies and procedures;

   g. Choosing to violate federal and/or state regulations related to the operation of motor vehicles;

   h. Choosing to allow employees, agents, and/or servants to operate company vehicles despite knowledge of their inability to safely do so;

   i. In such other particulars as may be found through discovery or trial.

31. By reason and in consequence of the Defendants' aforesaid acts and/or omissions, Plaintiff sustained serious damages as outlined in this Complaint and incorporated into this cause of action.

**FOR A SECOND CAUSE OF ACTION**
**(Negligent per se Based Upon S.C. Code Ann. Section 56-5-1520)**

32. Plaintiff incorporates all allegations of the preceding paragraphs into this cause of action.

6

33.     Defendant Driver had a statutory duty under section 56-5-1520 of the South Carolina Code (a) not to drive at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing; and (b) to control speed in a manner to avoid colliding with a person or vehicle on the highway.

34.     Defendant Driver breached these duties on or about May 13, 2018, when he chose to drive at a speed greater than is reasonable and prudent under the conditions and disregarding the actual and potential hazards then existing; and (b) did not control speed in a manner to avoid colliding with a person or vehicle on the highway, causing the collision between the vehicle he was driving and Plaintiff's vehicle.

35.     Section 56-5-1520 is intended to protect people like Plaintiff from the type of harm she suffered as a result of the collision.

36.     Defendant Driver's breach of these statutory duties caused Plaintiff serious damages, outlined in this Complaint and incorporated into this cause of action.

37.     Defendant Driver's breach of these statutory duties gives rise to liability on the part of his employer, Defendant Company.

### FOR A THIRD CAUSE OF ACTION
**(Negligent per se Based Upon S.C. Code Ann. Section 56-5-1930)**

38.     Plaintiff incorporates all allegations of the preceding paragraphs into this cause of action.

39.     Defendant Driver had a statutory duty under section 56-5-1930 of the South Carolina Code not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

40.     Defendant Driver breached this duty on or about May 13, 2018, when he chose to follow Plaintiff's vehicle too closely and disregarded the speed of her vehicle and traffic conditions, causing the collision between the vehicle he was driving and Plaintiff's vehicle.

41. Section 56-5-1930 is intended to protect people like Plaintiff from the type of harm she suffered as a result of the collision.

42. Defendant Driver's breach of this statutory duty caused Plaintiff serious damages, outlined in this Complaint and incorporated into this cause of action.

43. Defendant Driver's breach of this statutory duty gives rise to liability on the part of his employer, Defendant Company.

44. Plaintiff is entitled to a judgment against Defendants for the above-mentioned actual damages and for punitive damages in an amount to be determined by the jury.

**WHEREFORE**, Plaintiff prays that she recovers (a) a judgment against Defendants in an amount sufficient to fully compensate her for her actual damages; (b) a judgment for an amount of punitive damages as authorized by law; (c) all costs associated with this action; and (d) such other relief as this Court may deem just and proper.

Respectfully submitted,

THURMOND KIRCHNER & TIMBES, P.A.

*/s/ Christopher C. Romeo*
Christopher C. Romeo
15 Middle Atlantic Wharf
Charleston, South Carolina 29401
843.937.8000 (phone)
843.937.4200 (fax)
chrisr@tktlawyers.com
Fed. ID #11843

*Attorney for the Plaintiff*

February 25, 2021
Charleston, South Carolina